UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLURESH, LLC,

    Plaintiff,

v.

Case No. 1:22-cv-293

Hon. Hala Y. Jarbou

AERCO INTERNATIONAL, INC.,
R.L. DEPPMANN,

    Defendants.
_____/

## **OPINION**

Plaintiff Fluresh, LLC brings this suit against Defendants Aerco International, Inc. and R.L. Deppmann alleging a federal law claim under the Magnuson-Moss Warranty Act (MMWA), 18 U.S.C. § 2301 and state law claims of breach of contract, negligence, misrepresentation, breach of express and implied warranties, failure to warn, and promissory estoppel.  Before the Court is Fluresh's motion to remand (ECF No. 14).  Also before the Court is Fluresh's motion for voluntary dismissal or, in the alternative, for leave to amend its complaint (ECF No. 38).

### **I. FACTUAL BACKGROUND**

Fluresh is a cultivator, grower, processer, and supplier of marijuana products in Kent County, Michigan.  (Aerco Notice of Removal, ECF No. 1, PageID.8.)[1]  Aerco is a manufacturer and supplier of commercial boilers and water heaters.  (*Id.*, PageID.9.)  Deppmann is an authorized distributor of Aerco water heaters.  (*Id.*; *see also* Deppmann's Answer ¶ 3, ECF No. 7.)

---

[1] Fluresh's complaint can be found attached to Aerco's notice of removal and amended notice of removal, ECF Nos. 1 and 5, respectively.

Fluresh purchased an Aerco Innovation 800 Water Heater from Deppmann. (*Id.*) After installation of the water heater, Fluresh discovered nickel in its water supply. (*Id.*, PageID.11.) Fluresh alleges that the water heater was not comprised of all stainless steel as was represented; rather, the water heater was nickel-plated and contained other metal components which led to nickel infiltrating the water supply. (*Id.*)

Fluresh paid to replace the water heater, which allegedly cost $43,000. (*Id.*, PageID.12.) Fluresh also seeks to recover approximately $4,000,000 in damages to its cannabis product as well as the lost market value of five marijuana harvests. (*Id.*)

Fluresh initially filed suit in the 17th Circuit Court for Kent County. (*Id.*, PageID.2.) Aerco filed a notice of removal to federal court. (*Id.*) This Court ordered Aerco to show cause as to why this case should not be remanded to state court for lack of subject matter jurisdiction. (3/30/2022 Show Cause Order, ECF No. 3.) Aerco filed an amended notice of removal explaining the alleged basis for this Court's exercise of jurisdiction. (Am. Notice of Removal, ECF No. 5.) Fluresh subsequently filed the motions at issue.

## II. STANDARD

Rule 41(a) of the Federal Rules of Civil Procedure governs voluntary dismissals. "After service of an answer or summary judgment motion, and if no stipulation of dismissal is obtained, an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper." *Walther v. Fla. Title, Inc.*, 776 F. App'x 310, 314-15 (6th Cir. 2019) (citing Fed. R. Civ. P. 41(a)(2)).

## III. ANALYSIS

### A. Voluntary Dismissal

"Whether voluntary dismissal should be granted under Rule 41(a)(2) is within the sound discretion of the district court. The primary purpose of Rule 41(a)(2)'s requirement of a court

2

order is to protect the nonmovant from unfair treatment." *Walther*, 776 F. App'x at 315 (citing *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)). To determine whether a defendant will "suffer plain legal prejudice," a court considers "such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* (quoting *Grover*, 33 F.3d at 718). "The *Grover* factors are neither exhaustive nor conclusive." *Id.* (citing *Malibu Media, LLC v. [Redacted]*, 705 F. App'x 402, 407 (6th Cir. 2017) ("These factors are only a guide, however, and the trial judge ultimately retains discretion to grant the motion to dismiss.")).

Application of the *Grover* factors to the facts of this case counsels in favor of granting Fluresh's motion to voluntarily dismiss its MMWA claim. First, Aerco and Deppmann have not expended great effort or expense in preparation for trial. Although Fluresh and Deppmann have "expended some effort and expense in filing an answer and engaging in motion practice, the case— and the much greater costs sure to attend it—ha[s] scarcely begun." *Can IV Packard Square, LLC v. Schubiner*, 768 F. App'x 308, 312 (6th Cir. 2019). Indeed, discovery has just begun, and any discovery already conducted is neither duplicative nor unnecessary because the suit will continue without the MMWA claim but with all the other claims that will require the same discovery. By comparison, the Sixth Circuit "ha[s] previously upheld a dismissal without prejudice that was entered more than a year after the complaint was filed and discovery had closed." *Id.* (citing *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 499 (6th Cir. 2007)). Second, Fluresh has not caused excessive delay or failed to diligently pursue its case. In *Walther*, the Sixth Circuit found no excessive delay caused by the plaintiff seeking voluntary dismissal after litigating the case for approximately nine months. *Walther*, 776 F. App'x at 316-17. Here, Fluresh filed its

3

motion to remand approximately one month after Aerco removed this case to federal court and filed its motion for voluntary dismissal approximately five months later. Fluresh has consistently claimed that this case belongs in state court, there has been no excessive delay by Fluresh in making this argument. Finally, neither Aerco nor Deppmann have filed a motion for summary judgment in this case.

Deppmann argues that Fluresh's "reasons for dismissal are clear: to forum shop to avoid potentially significant adverse legal rulings by this Court with respect to damages, which is an insufficient reason to grant it relief." (Deppmann's Resp. in Opp'n to Fluresh's Mot. for Voluntary Dismissal, ECF No. 39, PageID.443.) As an initial matter, "[t]he *Grover* factors are not an exclusive or mandatory list. Courts need not analyze each factor or limit their consideration to these factors." *Rosenthal*, 217 F. App'x at 502 (internal citations and quotation marks omitted) (finding that the district court did not abuse its discretion in failing to address the sufficiency of plaintiffs' explanation for their need for dismissal).

Moreover, the possibility that Fluresh will gain a tactical advantage by returning to state court is insufficient to deny a motion for voluntary dismissal. *See Rosenthal*, 217 F. App'x at 502 ("[E]ven if we accept defendants' contention that plaintiffs voluntarily dismissed this action in order to gain a tactical advantage in the Connecticut case, such a motivation does not necessarily constitute plain legal prejudice."); *Pharmacia & Upjohn Co. v. Generation Health*, No. 1:97-cv-259, 1998 WL 993658, at *4 (W.D. Mich. May 18, 1998) ("Forum shopping by the plaintiff can, under some circumstances, justify denial of a motion under Rule 41(a)(2). However, even though [the plaintiff's] actions suggest that it is indeed forum shopping, this factor does not, when considered with all of the other relevant factors present in this case, establish the plain legal prejudice to [the defendant] necessary to warrant denial of its motion for a dismissal without

prejudice." (internal citations omitted)). Even if a tactical advantage alone were sufficient to deny a motion under Rule 41(a)(2), the Court cannot discern—and the parties have not explicitly told the Court—what tactical advantage exists for Fluresh in state court. Accordingly, the Court will grant Fluresh's motion to voluntarily dismiss its MMWA claim without prejudice.

### B. Supplemental Jurisdiction

The Court declines to exercise supplemental jurisdiction over the remaining state law claims. Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state law claims. *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims.") (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1996)). However,

> [i]n determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the "values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *accord Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) (holding that a district court should consider several factors in deciding whether to exercise supplemental jurisdiction, including "the avoidance of multiplicity of litigation, and [that it should] balance those interest against needlessly deciding state law issues"). A district court may also "consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account" in determining whether the balance of factors supports a remand of the state law claims. *Carnegie-Mellon*, 484 U.S. at 357.

*Gamel v. City of Cincinnati*, 625 F.3d 949, 951-52 (6th Cir. 2010).

Here, the relevant considerations weigh against retaining jurisdiction over Fluresh's state law claims. There is no risk of multiplicity of litigation because discovery has just begun. And, as previously mentioned, any discovery already obtained in federal court will be relevant to the anticipated state court proceedings. Thus, considerations of judicial economy weigh in favor of

5

remand.  Moreover, each of the remaining claims are governed by state law.  Principles of comity urge this Court to avoid needlessly deciding state law issues.

Aerco and Deppmann argue that this Court should maintain jurisdiction over the remaining state law claims due to concerns of forum manipulation.  (*See* Deppmann's Resp. in Opp'n to Fluresh's Mot. to Remand, ECF No. 39, PageID.445; Aerco's Resp. in Opp'n to Fluresh's Mot. to Remand, ECF No. 40, PageID.469-470.)  Fluresh has made its intentions clear:

> Plaintiff intends to file the same suit in state court due to the unique state cannabis regulatory scheme that the claims are based upon, but will not bring a claim under MMWA against Defendants, in order to avoid another (improper) removal effort.

(Fluresh's Mot. for Voluntary Dismissal, ECF No. 38, PageID.403.)  The Court is again uncertain what tactical advantage exists for Fluresh in state court.  However, even if there are concerns of forum manipulation, this factor alone is insufficient to overcome the other considerations already mentioned.  In *Gamel*, "the district court found that the only factor that weighed in favor of exercising supplemental jurisdiction was the retirees' forum manipulation, but decided that this factor alone was not sufficient to warrant retaining jurisdiction over the state-law claims." *Gamel*, 625 F.3d at 953.  The Sixth Circuit found that the district court did not abuse its discretion in remanding the case back to state court.  *Id.*  The balance of the relevant considerations weighs against the exercise of supplemental jurisdiction.  Accordingly, the Court declines to exercise supplemental jurisdiction over Fluresh's state law claims.

## IV. CONCLUSION

For the reasons stated above, the Court will grant Fluresh's motion to voluntarily dismiss its MMWA claim without prejudice (ECF No. 38).  The Court declines to exercise supplemental

jurisdiction over the remaining state law claims. Accordingly, Fluresh's motion to remand (ECF No. 14) will also be granted.

Dated: February 7, 2023                    /s/ Hala Y. Jarbou
                                                    HALA Y. JARBOU
                                                    CHIEF UNITED STATES DISTRICT JUDGE